UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK ALLYN SPEARS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11CV00545 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | By: Norman K. Moon |
| JAIL- ABINGDON FACILITY, | ) | United States District Judge |
|     Defendant. | ) | |

Plaintiff, Mark Allyn Spears, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail- Abingdon Facility. Spears has also moved to proceed *in forma pauperis*, and the court grants his motion. The court finds that Spears' complaint fails to state a claim for relief against the named defendant and, therefore, dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Spears claims that he was incorrectly listed as a sex offender in the prison computer system and consequently, Busted, a private newspaper, incorrectly listed him in their publication as a sex offender. In addition, Spears alleges that he was housed with other sex offenders while at Southwest Virginia Regional Jail- Abingdon Facility for over four months.

## II.

Spears has named only the Southwest Virginia Regional Jail- Abingdon Facility as defendant to his action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Spears has failed to show that any official policy of the Southwest Virginia Regional Jail- Abingdon Facility, a local jail, was responsible for the constitutional violations or injuries he allegedly suffered.[1]

### III.

For the reasons stated above, the court will dismiss Spears's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 30th day of November, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that nothing in its decision today precludes Spears from bringing an action against those individuals he claims violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.